(No. 1354—

MICHAEL HOFFMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1929.*

JAMES O. MILLER, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The claimant in this case, Michael Hoffman, was the owner of Lots 7, 8, 9, 10, 11, 12, 37, 38, 40, 41 and 42, in the Village of Lenzburg St. Clair county, Illinois, on May 13th, 1924, which said platted lots are a portion of the North West Quarter of the North West Quarter of Section 7, Township 3, South, Range 6, West of the 3rd P. M., in St. Clair county, Illinois, through which said lots, State aid road designated as St. Clair County Route 13, Section 23, is located. Claimant entered into a contract for the right of way, as shown by exhibits on file herein, wherein, he received $1,000.00 for land taken. This claim is for damages to land not taken, caused by the construction of said Highway No. 13, through claimant's property. No mention was made of damages to land not taken, but claimant says that the authorities promised him that he would be left in good shape, and that there would be no filling in, etc. In putting in the paving, the two ditches,

one on each side of claimant's lots, were both filled up and the water that formerly ran south in them was diverted to follow along the paving and to the point of lot 12, and then to go through a 12 inch culvert across Second Street, and then along the roadway to the creek. The testimony shows that this culvert was insufficient to take care of the surface water and that it caused it to back up and stand on claimant's property. There is considerable difference of opinion as to how much water overflows these premises and as to what it would cost in order to bring his lots up to a proper elevation or grade whereby there would not be an overflow when it rains. Some witnesses place an estimate as low as $50.00 as to this cost, and others as high as $2,000.00.

The demurrer filed by the State of Illinois is sustained as a matter of law.

We feel however, that the claimant in this case has been damaged, and that in equity and good conscience the State should allow him some compensation so that he may make the necessary changes to properly protect his property from the overflow of water, and we accordingly award the claimant the sum of Five Hundred Dollars.